BOEHM, J.,
dissenting.
I accept the majority’s conclusion that the placement of Section 8-1-30-6 in the Indiana Code as a part of a new Chapter 30 added in 1999 suggests that it may be limited to distressed utilities. But the language of the section is quite unequivocal:
Sec. 6. A municipality or other governmental unit may not require a utility company that provides water or sewer service to sell property used in the provision of such service to the municipality or governmental unit under IC 8-1-2-92, IC 8-1-2-93, or otherwise, unless the procedures and requirements of this chapter have been complied with and satisfied.
Section 2 of the new Chapter 30 defines “utility company” as a “public utility that provides water or sewer service.” I.C. § 8-1-30-2. Section 5 of the new Chapter 30 defines “subject utility company” as one subject to a finding of violations of law or IURC orders or unremedied “severe deficiencies.” These definitions do not leave any room for interpretation. Section 6 uses one defined term — “utility company” — and does not use the other. The majority concludes Section 6 applies only to utilities that are subject to an order under Section 5. But the statute has a definition — “subject utility company” — for such a company and does not use it in Section 6.
Apart from the literal language of Section 6, it seems to me that the majority reads that section in a manner that strips it of any meaning whatever. Section 6 prohibits condemnation of a utility without going through the “procedures and requirements” of Section 5. The majority concludes that Section 6 applies only to utilities that are the subject of a Section 5 order. But those are the very utilities that have gone through the only “procedures and requirements” of Chapter 30. It therefore seems to me that the majority’s reading renders Section 6 wholly empty of content.
Judicial' surgery is sometimes required where preposterous results are dictated by the literal language of the statute. I do not believe Section 6 can be ignored or rewritten based on its absurdity. If Section 6 as interpreted by the majority has any meaning at all, it must be because there could be a utility that has not gone through the “procedures and requirements” of Chapter 30, but remains subject to Section 6 as limited by the majority’s reading. One amicus curiae suggests that Section 6 applies to utilities that are under review contemplated by Section 3 but not yet subject to findings and orders under Sections 4 and 5. There is no basis in the statute to support this reading. Section 6 refers to “satisfying” and “complying with” the procedures of Chapter 30, not being “subject to review” or some similar description of a utility at an earlier stage of investigation. In any event, if there is such a thing as a utility that is subject to Section 6 as the majority limits it, but is not subject to a Section 5 order, a legislative choice to immunize all utilities from condemnation cannot be seen to be absurd. To the contrary, it seems to me that *464 whether healthy utilities should be subject to Section 6 is a policy choice the legislature could readily make based on a desire to encourage investment in private sewer and water facilities. Indeed, the majority’s reading seems less reasonable to me. Distressed utilities would seem to be the best candidates to be acquired by a governmental entity to assure stable service. On its face it is odd that the legislature would choose to prevent governmental acquisition of this perhaps imaginary class of distressed utilities but permit it as to healthy ones.
Whatever the policy considerations may be, it seems to me that this section was carefully crafted to apply to all utilities. If that is not a proper reading of Section 6, the General Assembly could easily correct it, and the City could then initiate a new eminent domain proceeding. Because I believe the Court of Appeals correctly resolved this issue, I would deny transfer. Given that transfer has been granted, I respectfully dissent.
DICKSON, J., concurs.